UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| KENNETH L. BOWKER, JR., | ) | Civ. 05-5038-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING |
| vs. | ) | DEFENDANT'S MOTION |
| | ) | FOR SUMMARY JUDGMENT |
| DON HOLLOWAY, Sheriff, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Kenneth L. Bowker, Jr., sued defendant, Don Holloway, for alleged violations of his civil rights pursuant to 42 U.S.C. § 1983 and 18 U.S.C. § 242. Holloway moves for summary judgment. Bowker has not responded to the motion. Holloway's motion for summary judgment is granted.

**BACKGROUND**

Holloway filed a statement of undisputed material facts with his motion for summary judgment. Pursuant to Rule 56.1(D) of the Local Rules for the United States District Court for the District of South Dakota, all material facts that are not disputed by the nonmoving party are deemed to be admitted. L.R. 56.1(D). See also Northwest Bank & Trust Co. v. First Illinois Nat'l Bank, 354 F.3d 721, 724-25 (8th Cir. 2003). Because Bowker did not respond to the motion for summary judgment and did not dispute any of the facts, this court finds that Bowker has admitted all of the

material facts contained in defendant's statement of undisputed material facts.

Bowker was booked into the Pennington County Jail (jail) on March 18, 2005. He was incarcerated awaiting trial on federal charges that included allegations of abusive sexual contact. Because Bowker was awaiting federal charges, he was an arrestee of the United States Marshals Service. At all relevant times, Holloway was the duly elected sheriff of Pennington County. As sheriff, Holloway is administratively responsible for the jail.

On March 28, 2005, Bowker spoke with a clinical social worker, Richard Leir. Leir is employed by Behavior Management Systems, Inc., which provides mental health counseling services to jail inmates pursuant to a contract. Bowker had depleted his supply of blood pressure medication and asked Leir to assist him in obtaining a refill. Because Bowker was a U.S. Marshals Service arrestee, he was required to see Dr. Alvin Wessel, who provided contract medical services at the jail, before the Marshals Service would approve specialized medical treatment, such as a prescription for blood pressure medication. Leir arranged for an April 13, 2005, appointment with Dr. Wessel.

On April 13, 2005, Bowker objected when correctional officer Kristy Martin attempted to bring him to his appointment, claiming he had not

requested to see the doctor.  When an inmate refuses to attend a scheduled medical appointment, it is Martin's practice to inform the medical staff.  Martin told Bowker that she would notify the medical staff that he would not attend his appointment.  Martin subsequently spoke with Bowker again and he agreed to attend the medical appointment.

At the appointment, Dr. Wessel approved a refill of Bowker's prescription.  Because Bowker was referred by a mental health counselor (Leir), however, Dr. Wessel inquired into Bowker's mental health.  Dr. Wessel asked Bowker a series of questions.  As a result of this examination, Dr. Wessel believed that Bowker exhibited possible symptoms of depression.  Dr. Wessel also determined that Bowker should visit with Leir three to four times a week.  After the examination, the attending nurse, Ronda Moore, sent an email to Leir explaining that Dr. Wessel thought that Leir should meet with Bowker three to four times per week and stating that Dr. Wessel believed that there were signs that Bowker could be at risk of suicide.  At Leir's request, Bowker was placed on suicide watch at approximately 1:45 p.m. on April 13, 2005.  Bowker was not told that he was on suicide watch and his status did not have any effect on his activities.

The following morning, Leir met with Bowker and told him that he had been on suicide watch.  After this meeting, Leir determined that Bowker

was not at risk of suicide.  Bowker was removed from suicide watch at 8:45 a.m. on April 14, 2005.

On May 24, 2005, Bowker filed a complaint alleging that Holloway violated 42 U.S.C. § 1983 and 18 U.S.C. § 242 by forcing him to attend a medical appointment against his verbal refusal and by placing him under suicide watch.  Holloway now moves for summary judgment.

## LEGAL STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56.  Only disputes over facts that might affect the outcome of the case under the governing substantive law will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  Summary judgment is not appropriate if a dispute about a material fact is genuine, that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

The moving party bears the burden of bringing forward sufficient evidence to establish that there are no genuine issues of material fact and

that the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The nonmoving party is entitled to the benefit of all reasonable inferences to be drawn from the underlying facts in the record. Vette Co. v. Aetna Cas. & Sur. Co., 612 F.2d 1076, 1077 (8th Cir. 1980). The nonmoving party may not, however, merely rest upon allegations or denials in its pleadings, but must set forth specific facts by affidavits or otherwise showing that a genuine issue exists. Forrest v. Kraft Foods, Inc., 285 F.3d 688, 691 (8th Cir. 2002).

## DISCUSSION

### A.  42 U.S.C. § 1983

Bowker's complaint states that the suit is being brought against Holloway "in the official indivduals [sic] capicity [sic]." Holloway is entitled to a judgment as a matter of law in all capacities.

### 1.  Official Capacity

When a claim is brought against a sheriff in his official capacity, the suit is treated as a claim against the county. Liebe v. Norton, 157 F.3d 574, 578 (8th Cir. 1998) (citing Hafer v. Melo, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991)). Therefore, the claim against Holloway in his official capacity must be construed as a claim against Pennington County.

In an action against a governmental entity claiming violations of § 1983, the governmental entity is only held liable for constitutional deprivations that result from the entity's policies or customs. Monell v. Dep't of Soc. Serv., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Avalos v. City of Glenwood, 382 F.3d 792, 802 (8th Cir. 2004). Bowker does not dispute that jail policy allows inmates to refuse medical treatment as long as they sign a waiver. Indeed, in his complaint, Bowker acknowledges that Martin agreed that he did not have to attend the appointment and contacted the medical staff to inform them of his decision. Moreover, there is no evidence that there is any policy in place that results in retribution against inmates who refuse medical treatment, or that any such retribution has ever taken place at the jail. Bowker does not show a custom or policy of the jail that forces unwanted medical care upon inmates against their will.

Additionally, Bowker cannot show a custom or policy of the jail that results in a constitutional deprivation in regard to being placed on suicide watch. To the contrary, pretrial inmates have a constitutional right to be protected from the risks of suicide. Wever v. Lincoln County, Neb., 388 F.3d 601, 605 (8th Cir. 2004). Bowker being placed on suicide watch for nineteen hours, until he was deemed not to be at risk of suicide, is an example of the jail taking reasonable steps to protect an inmate's constitutional right to be

free of the risk of suicide, not a deprivation of a constitution right.  See Liebe, 157 F.3d at 579 (stating that a policy that separates new inmates who are deemed at risk of suicide indicates an effort to prevent suicides).  It would be troublesome to place a duty on a jail staff to protect an inmate from suicide and then hold them liable when they took reasonable steps to do so.  Because Bowker has not shown a clearly unconstitutional custom or policy on the part of the jail, Holloway is entitled to a judgment as a matter of law for claims against him in his official capacity.

### 2. Personal Capacity

Bowker may also be alleging personal claims against Holloway.  Holloway asserts that he is immune from such claims under the doctrine of qualified immunity.  In the alternative, Holloway contends he is entitled to judgment on the merits.

#### a. Qualified Immunity

Qualified immunity serves as "an entitlement not to stand trial or face other burdens of litigation . . . ." Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L. Ed. 2d. 411 (1985).  The application of this principle has been laid out by the Supreme Court.  The first step is to determine "whether a constitutional right would have been violated on the facts alleged," and second, if the right was established, "whether the right was

clearly established . . . in the specific context of the case." Saucier v. Katz, 533 U.S. 194, 200-201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001).

Bowker fails to articulate any constitutional violation, let alone one that is clearly established. Bowker was only verbally interviewed and was not subjected to any physical invasions or unwanted administration of drugs during his medical examination. Considering that the Supreme Court has merely "assumed, and strongly suggested" that there is a constitutional "right to refuse unwanted lifesaving medical treatment," see Washington v. Glucksburg, 521 U.S. 702, 720, 117 S. Ct. 2258, 138 L. Ed. 2d 772 (1997), unwillingly subjecting an inmate to a non-physical examination is not a clear violation of a constitutional right.

Bowker also fails to prove that his being placed on suicide watch would amount to a constitutional violation. Bowker does not dispute that the only change his suicide watch status might have resulted in, is that he may have been denied access to a razor for shaving. There is, however, no evidence that he asked for a razor or that one would have been denied had he asked.

        **b.    Personal Capacity on the Merits**

In the event Holloway is not entitled to qualified immunity, he claims he should succeed on the merits. A sheriff would only be subject to personal liability pursuant to § 1983 if he was personally involved in the

deprivation of a prisoner's rights, if he trained his subordinates in a manner that led them to deprive a prisoner of his rights, or if he supervised his subordinates in a manner that resulted in a deprivation of a prisoner's rights.  See Vaughn v. Greene County, Arkansas, 438 F.3d 845, 851-52 (8th Cir. 2006).

There is no evidence that Holloway had any personal involvement in any of the conduct that Bowker claims infringed upon his rights.  Moreover, the Eighth Circuit has noted that "a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability" for § 1983 claims and that § 1983 claims cannot be brought under a theory of respondeat superior.  Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997) (quoting Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995).  Finally, Bowker does not allege or present any evidence that his claim arises out of Holloway's failure to properly train or supervise his employees.  Therefore, Holloway is entitled to judgment as a matter of law on the merits.

### B. Possible State Law Claims

Bowker also may be alleging state law claims against Holloway. South Dakota law provides statutory immunity, however for defendants such as Holloway.  See SDCL 3-21-9(5) (stating that no person is liable for injury resulting from "[s]ervices or programs administered by or on behalf of

the prison, jail, or correctional facility."). See also Webb v. Lawrence County, 144 F.3d 1131, 1139-40 (8th Cir. 1998) (applying the statutory immunity of SDCL 3-21-9 to defendant county, sheriff and sheriff's department employees). As a result of statutory immunity, Holloway is entitled to a judgment as a matter of law in regard to any state law claim.

### C.  18 U.S.C. § 242

Finally, Bowker cites 18 U.S.C. § 242 as a basis for a civil rights complaint against Holloway. But § 242 is a criminal statute, for which there is no private right of action. Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 511 (2d Cir. 1994); Wagner v. United States, 377 F. Supp. 2d 505, 510-11 (D.S.C. 2005). Therefore, Holloway is entitled to judgment as a matter of law on Bowker's allegation of a violation of § 242.

Accordingly, it is hereby

ORDERED that Holloway's motion for summary judgment (Docket 54) is granted.

Dated August 16, 2006.

                                            BY THE COURT:

                                            /s/ *Karen E. Schreier*
                                            KAREN E. SCHREIER
                                            CHIEF JUDGE